**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WINDWARD BORA LLC,

                      Plaintiff,         **REPORT AND**
                                     **RECOMMENDATION**
        -against-                     CV 18-6912 (DRH) (ARL)

BARKUZZAMAN QAZI and REHANA N. QAZI,

                      Defendants.
-----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, Windward Bora LLC ("Winward"), for a default judgment of foreclosure and sale. For the reasons set forth below, the undersigned respectfully recommends that Windward be awarded a Judgment of Foreclosure and Sale against the defendants, Barkuzzaman and Rehanna Qazi (the "Qazis"), under the supervision of a referee to be selected by Judge Hurley, reflecting the following amounts to be awarded to Windward: the principal sum of $211,899.85, interest as of January 18, 2019 in the amount of $128,557.80 and $500 for the referee's fee, for a total award of $340,957.65.

## BACKGROUND

### I. Factual Background

      The following facts are taken from the Complaint and the papers submitted in support of the motion for default judgment. On August 22, 2005, the Qazis executed and delivered a Mortgage and Note to National City Bank, in the principal amount of $212,000.00, on the property commonly known as 27 Bellwood Drive, Babylon, New Hyde Park, New York 11040. Compl. ¶¶ 8-9. Copies of the Mortgage and Note are annexed to the Complaint. *Id.* Ex. B, C.

On April 21, 2011, PNC Bank, NA, successor by merger to National City Bank, assigned the Mortgage to Summit Real Estate Partners L.P. ("Summit"). *Id.* Ex. D. On April 20, 2018, Summit assigned the Mortgage to Liberty Holdings NYC, LLC ("Liberty"). *Id.* On January 31, 2018, Liberty assigned the Mortgage to the plaintiff. *Id.* As of the date of the filing of the Complaint, Windward was the owner and holder of the Note and Mortgage. *Id.* Ex. C, Devico Aff. ¶¶ 5, 6.

The Qazis failed to comply with the terms and provisions of the Mortgage and the instruments secured by the Mortgage by failing to make the monthly payments due on July 30, 2012 and subsequent payments. *Id.* ¶ 14. Pursuant to RPAPL ¶ 1304, on August 7, 2018, the Qazis were provided with a 90-day notice to cure. *Id.* ¶ 15. The notice advised that failure to correct the default by September 6, 2018, could result in the acceleration of the loan and the commencement of legal action. *Id.* In addition, Windward complied with the RPAPL 1306(1) registration requirements. *Id.* Despite being served with the notice, the Qazis remains in default. *Id.* ¶ 17.

## II. Procedural Background

Windward commenced this action on December 5, 2018, against the Qazis pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq.,* seeking to foreclose on the mortgage.[1] On January 16, 2019, the Clerk of the Court entered a certificate of default against the Qazis. ECF No. 9. On January 22, 2019, the plaintiff filed the instant motion for a default judgment of foreclosure and sale. ECF No. 10. That motion was referred to the undersigned on January 23, 2019.

---

[1] A Certificate of Merit pursuant to CPLR 3012-b was filed contemporaneously with the Complaint. ECF No. 2.

2

## DISCUSSION

### I. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II.   Liability

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap,* CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation *adopted by*, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). Here, Windward has presented the requisite documentation including the Mortgage, the Note, and the Notice of Default, to establish a prima facie case. The Qazis have made no affirmative showing to overcome the plaintiff's prima facie case. Therefore, it is respectfully recommended that a default judgment should be entered against the defendants.

## III.   Damages

Windward seeks $211,899.85 in principal owed on the Note and interest at a rate of 9.25% from June 30, 2012 through January 18, 2019, amounting to $128,557.80. *See* Devico Aff., ECF No. 10-5. In support of its claim for damages, Windward has submitted the Affidavit of Yonel Devico, the sole member of Windward, which breaks down the amounts owed. *Id.* By virtue of their default, the Qazis have not objected to the plaintiff's calculations. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in Windward's favor in the amount of $340,457.65, plus $500 for the referee's fee, for a total award of $340,957.65.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this

Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
May 16, 2019

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge